## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| AUSTIN GLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number:   17-291 |
| | ) | |
| LEATT CORPORATION, | ) | |
| and FLY RACING, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Austin Glick, by counsel, for his Complaint against Defendants Leatt Corporation and Fly Racing, states:

### Parties

1.   Plaintiff, Austin Glick, is a 29 year old resident of Des Moines, Iowa.  His Current residence is 6685 NE 17th Street, Des Moines, Iowa 50313.  Plaintiff is a resident of the state of Iowa.

2.   Defendant, Leatt Corporation, is a Nevada corporation.  Its registered agent is Eastbiz.com, Inc., 5348 Vegas Drive, Las Vegas, Nevada 89108; and its principal place of business is located at 5348 Vegas Drive #775, Las Vegas, Nevada 89108.   Leatt Corporation advertises, markets, distributes and promotes its products, including the Fly Racing Leatt Pro Lite Carbon Brace (hereinafter "brace"), in Iowa, including Southern Iowa, and upon information and belief, through a dealership located in Polk County, Iowa.

3.   Defendant, Fly Racing, is an Idaho corporation.  Its principle place of business is 601 E. Gowen Road, Boise, Idaho 83716.  Fly Racing advertises, markets, distributes and promotes

its products, including the Fly Racing Leatt Pro Lite Carbon Brace (hereinafter "brace") in Iowa, including Southern Iowa, and upon information and belief, through a dealership located in Polk County, Iowa.

## Jurisdiction and Venue

4.   This Court has jurisdiction of this case pursuant to 28 U.S.C S 1332(a)(1).  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff is a citizen of Iowa.  Defendant Leatt Corporation is a citizen of Nevada.  Defendant Fly Racing is a citizen of Idaho.   Venue is properly before this Court under 28 U.S.C. S1391(a)(2), because a substantial part of the events giving rise to this claim occurred in Madison County, Iowa.

## Count I – Strict Liability

5.   Plaintiff restates and incorporates paragraphs 1-4 as if fully set forth herein.

6.   Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed, advertised, promoted, assembled, sold and/or distributed the brace.

7.   Prior to August 20, 2015, Defendant Fly Racing designed, assembled, manufactured, marketed, advertised, promoted assembled, sold and/or distributed the brace.

8.   On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.  At said time and place the brace was being used is a reasonably foreseeable manner by Plaintiff.

9.   Defendant Leatt Corporation should be held strictly liable as the designer, assembler and/or manufacturer of the brace, which was in a defective condition and/or design and unreasonably dangerous to expected users such as Plaintiff.

10.  Defendant Fly Racing should be held strictly liable as the designer, assembler and/or

manufacturer of the brace, which was in a defective condition and/or design and unreasonably dangerous to expected users such as Plaintiff.

11.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and omissions on the part of Defendant Leatt Corporation.

12.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and omissions on the part of the Defendant Fly Racing.

13.     A reasonable alternative safe design could have been practically adopted at the time of sale and/or distribution of the brace.

14.     Plaintiffs' injuries and damages were caused by the defective design of the brace and are within the scope of Defendant Leatt Corporation's liability and said injuries and damages arose from the same general types of danger that said Defendant should have avoided through safe and proper design and/or manufacture of the subject neck brace.

15.     Plaintiffs' injuries and damages were caused by the defective design of the brace and are within the scope of Defendant Fly Racing's liability and said injuries and damages arose from the same general types of danger that said Defendant should have avoided through safe and proper design and/or manufacture of the subject neck brace.

16.     As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

    A.   Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

    B.   Physical pain and mental suffering both past and future;

    C.   Lost wages to the time of trial; and

    D.   Permanent Impairment of his power and ability to earn income.

E.  Loss of function past and future.

## Count II – Breach of Warranty

17.      Plaintiff restates and incorporates paragraphs 1-16 as if fully set forth herein.

18.      Prior to August 20, 2015, Defendant Leatt Corporation designed, manufactured, marketed and/or distributed the brace.

19.      Prior to August 20, 2015, Defendant Fly Racing designed, manufactured, marketed and/or distributed the brace.

20.      On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.  At said time and place the brace was being used in a reasonably foreseeable manner by Plaintiff.

21.      Defendant, Leatt Corporation, as a designer, assembler, manufacturer, distributor and/or seller, as well as through its marketing of the brace, made implied and express warranties that the brace was reasonably fit for the general uses and purposes intended and that it was free of any defects in its design or construction.

22.  Defendant, Fly Racing, as a designer, assembler, manufacturer, distributor and/or seller, as well as through its marketing of the brace, made implied and express warranties that the brace was reasonably fit for the general uses and purposes intended and that it was free of any defects in its design or construction.

23.      The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

24.      The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Fly Racing.

25.     As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

    A.   Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

    B.   Physical pain and mental suffering both past and future;

    C.   Lost wages to the time of trial and

    D.   Permanent impairment of his power and ability to earn income.

    E.   Loss of function past and future.

## Count III – Negligence

26.     Plaintiff restates and incorporates paragraphs 1-25 as if fully set forth herein.

27.     Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed and/or distributed the brace.

28.     Prior to August 20, 2015, Defendant Fly Racing designed, assembled, manufactured, marketed and/or distributed the brace.

29.     On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.  At said time and place, the brace was being used in a reasonably foreseeable manner by Plaintiff.

30.     Defendant Leatt Corporation negligently designed, assembled, manufactured, marketed and/or distributed the brace in such a manner that it created an unreasonable risk of physical harm and injury.  This negligence included, but was not limited to, improper and dangerous design, testing and inspection.

31.     Defendant Fly Racing negligently designed, assembled, manufactured, marketed and/or distributed the brace in such a manner that it created an unreasonable risk of physical

harm and injury.  This negligence included, but was not limited to, improper and dangerous design, testing and inspection.

32.     Moreover, Defendant Leatt Corporation unreasonably failed to warn of the known and foreseeable hazards of the brace, both before and after the sale of the brace.

33.     Moreover, Defendant Fly Racing unreasonable failed to warn of the known and foreseeable hazards of the brace both before and after the sale of the brace.

34.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

35.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Fly Racing.

36.     As a direct and proximate result of the injuries to Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

A.   Medical, hospital, nursing, rehabilitation and related care expenses both past and throughout his lifetime;

B.   Physical pain and mental suffering;

C.   Lost wages to the time of trial; and

D.   Permanent impairment of his power and ability to earn income.

E.   Loss of function past and future.

**Count IV – Gross Negligence / Punitive Damages**

37.     Plaintiff restates and incorporates paragraphs 1-36 as if fully set forth herein.

38.      Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed and/or distributed the brace.

39.     Prior to August 20, 2015, Defendant Fly Racing designed, assembled, manufactured, marketed and/or distributed the brace.

40.     On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.  At said time and place, the brace was being used in a reasonably foreseeable manner by Plaintiff.

41.     Upon information and belief, Defendant Leatt Corporation acted with gross negligence and in a willful and wanton manner, without regard to the safety of others.

42.     Upon information and belief, Defendant Fly Racing acted with gross negligence and in a willful and wanton manner without regard to the safety of others.

43.     The aforesaid conduct was a substantial factor in causing the injuries to Plaintiff Austin D. Glick.

44.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

45.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Fly Racing.

46.     As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover punitive damages.

## Count V – Consumer Fraud

48.     Plaintiff restates and incorporates paragraphs 1-47 as if fully set forth herein.

49.     Prior to August 20, 2015, Defendant Leatt Corporation marketed, advertised, promoted and/or distributed the brace designed and/or manufactured by it.

50.     Prior to August 20. 2015, Defendant Fly Racing marketed, advertised, promoted and/or distributed the brace designed and/or manufactured by it.

51.    Prior to August 20, 2105, Defendant Leatt Corporation engaged in deception, fraud, false promise and/or omission of a material fact with the intent that others rely on the information and to induce them into obtaining title and/or interest of their product, more specifically, the brace.

52.    Prior to August 20, 2105, Defendant Fly Racing engaged in deception, fraud, false promise and/or omission of a material fact with the intent that others rely on the information and to induce them into obtaining title and/or interest of their product, more specifically, the brace.

53.    Through its aforesaid efforts, Defendant Leatt Corporation represented that the brace would protect a rider from spinal cord injury, that the brace had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident.

54.    Through its aforesaid efforts, Defendant Fly Racing represented that the brace would protect a rider from spinal cord injury, that the brace had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident.

55.    Plaintiff reasonably relied on one or more of these representations by Defendant Leatt Corporation in choosing to obtain and wear the brace.

56.     Plaintiff reasonably relied on one or more of these representation by Defendant Fly Racing in choosing to obtain and wear the brace.

57.     One or more of the representations made by Defendant Leatt Corporation through its marketing, advertising and/or promotion of the brace was false, misleading, deceptive and/or unconscionable.

58.     One or more of the representations made by Defendant Fly Racing through its marketing, advertising and/or promotion of the brace was false, misleading, deceptive and/or unconscionable.

59.     On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.

60.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of the aforesaid false, misleading and/or deceptive practices on the part of Defendant Leatt Corporation.

61.     The injuries to Plaintiff Austin D. Glick are a direct and proximate result of the aforesaid false, misleading and/or deceptive practices on the part of Defendant Fly Racing.

62.     Pursuant to Iowa Code 714H.3 and 714H.5, a person relying upon a deceptive act, false promise, misrepresentation or misleading advertisement may bring an action for the actual damages actually suffered as a consumer as a result of the deceptive act.

63.     As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover his actual damages, reasonable attorney's fees and punitive damages pursuant to the Iowa Code 714H.3 and 714H.5.  Plaintiff's actual damages include, but are not limited to:

A.  Medical, hospital, nursing, rehabilitation and related expenses, both in the past and throughout his lifetime'

B.  Lost wages to the time of trial;

C.  Permanent impairment of his power and ability to earn income; and

D.  Inconvenience.

E.  Loss of function past and future.

F.  Attorney fees and the costs of this action.

WHEREFORE, Plaintiff Austin D. Glick, prays for entry of judgment against Defendants, Leatt Corporation and Fly Racing, awarding Plaintiff compensatory and punitive damages, attorney's fees, costs, interest, expenses and all such further relief to which he may appear to be entitled based upon the evidence, in excess of Seventy-Five Thousand Dollars ($75,000.00).

Plaintiff demands trial by jury.

Respectfully Submitted,

/s/ Brian P. Galligan
Brian P. Galligan  AT0002632
GALLIGAN REID  P.C.
300 Walnut Street, Suite 5
Des Moines, IA  50309-2292
Telephone:     (515) 282-3333
Facsimile:     (515) 282-0318
E-mail:        bgalligan@galliganlaw.com

ATTORNEYS FOR PLAINTIFF

/s/ Angela M. Pollard
Trevor J. Crossen
Angela M. Pollard
CROSSEN KOOI, LLP
4661 Lisborn Drive
Carmel, Indiana  46033

Telephone:  317-569-1335
TCrossen@indyfirm.com
APollard@indyinjuryfirm.com

ATTORNEYS FOR PLAINTIFF - PRO HAC
VICE TO BE FILED