UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

AUSTIN GLICK, )
    Plaintiff, )
)
v. ) Civil Action Number: 17-291
)
LEATT CORPORATION, )
and WESTERN POWER SPORTS, INC )
dba FLY RACING, )
    Defendant(s). )

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Austin D. Glick, by counsel, for his Complaint against Defendant, Leatt Corporation, states:

### Parties

1. Plaintiff, Austin Glick, is a 29 year old resident of Des Moines, Iowa. His Current residence is 6685 NE 17th Street, Des Moines, Iowa 50313. Plaintiff is a resident of the state of Iowa.

2. Defendant, Leatt Corporation, is a Nevada corporation. Its registered agent is Eastbiz.com, Inc., 5348 Vegas Drive, Las Vegas, Nevada 89108; and its principal place of business is located at 5348 Vegas Drive #775, Las Vegas, Nevada 89108. Leatt Corporation advertises, markets, distributes and promotes its products, including the Fly Racing Leatt Pro Lite Carbon Brace (hereinafter "brace"), in Iowa, including Southern Iowa, and upon information and belief, through a dealership located in Polk County, Iowa.

3. Defendant Western Power Sports Inc. dba Fly Racing, is an Idaho corporation. Its principle place of business is 601 E. Gowen Road, Boise, Idaho 83716. Fly Racing advertises, markets, distributes and promotes its products, including the Fly Racing Leatt Pro Lite Carbon

1

Brace (hereinafter "brace") in Iowa, including Southern Iowa, and upon information and belief, through a dealership located in Polk County, Iowa.

**Jurisdiction and Venue**

4.   This Court has jurisdiction of this case pursuant to 28 U.S.C S 1332(a)(1).  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Plaintiff is a citizen of Iowa.  Defendant Leatt Corporation is a citizen of Nevada.  Defendant Western Power Sports Inc. dba Fly Racing is a citizen of Idaho.   Venue is properly before this Court under 28 U.S.C. S1391(a)(2), because a substantial part of the event giving rise to this claim occurred in Madison County, Iowa.

**Count I – Strict Liability**

5.      Plaintiff restates and incorporates paragraphs 1-4 as if fully set forth herein.

6.      Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed, advertised, promoted, assembled, sold and/or distributed the brace.

7.      Prior to August 20, 2015, Defendant Western Power Sports Inc. dba Fly Racing designed, assembled, manufactured, marketed, advertised, promoted assembled, sold and/or distributed the brace.

8.   On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.  At said time and place the brace was being used is a reasonably foreseeable manner by Plaintiff.

9.   Defendant Leatt Corporation should be held strictly liable as the designer, assembler and/or manufacturer of the brace, which was in a defective condition and/or design and unreasonably dangerous to expected users such as Plaintiff.

10. Defendant Western Power Sports Inc. dba Fly Racing should be held strictly liable as the designer, assembler and/or manufacturer of the brace, which was in a defective condition and/or design and unreasonably dangerous to expected users such as Plaintiff.

11. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and omissions on the part of Defendant Leatt Corporation.

12. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and omissions on the part of the Defendant Western Power Sports Inc. dba Fly Racing.

13. A reasonable alternative safe design could have been practically adopted at the time of sale and/or distribution of the brace.

14. Plaintiff's injuries and damages were caused by the defective design of the brace and are within the scope of Defendant Leatt Corporation's liability and said injuries and damages arose from the same general types of danger that the Defendant should have avoided through safe and proper design and/or manufacture of the subject neck brace.

15. Plaintiff's injuries and damages were caused by the defective design of the brace and are within the scope of Defendant Western Power Sports Inc. dba Fly Racing's liability and said injuries and damages arose from the same general types of danger that the Defendant should have avoided through safe and proper design and/or manufacture of the subject neck brace.

16. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

    A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

    B. Physical pain and mental suffering both past and future;

    C. Lost wages to the time of trial; and

D.  Permanent Impairment of his power and ability to earn income.

E.  Loss of function past and future.

## **Count II – Breach of Warranty**

17. Plaintiff restates and incorporates paragraphs 1-16 as if fully set forth herein.

18. Prior to August 20, 2015, Defendant Leatt Corporation designed, manufactured, marketed and/or distributed the brace.

19. Prior to August 20, 2015, Defendant Western Power Sports Inc. dba Fly Racing designed, manufactured, marketed and/or distributed the brace.

20. On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury. At said time and place the brace was being used in a reasonably foreseeable manner by Plaintiff.

21. Defendant, Leatt Corporation, as a designer, assembler, manufacturer, distributor and/or seller, as well as through its marketing of the brace, made implied and express warranties that the brace was reasonably fit for the general uses and purposes intended and that it was free of any defects in its design or construction.

22. Defendant, Western Power Sports Inc. dba Fly Racing, as a designer, assembler, manufacturer, distributor and/or seller, as well as through its marketing of the brace, made implied and express warranties that the brace was reasonably fit for the general uses and purposes intended and that it was free of any defects in its design or construction.

23. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

24. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Western Power Sports Inc. dba Fly Racing.

25. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

    A. Medical, hospital, nursing, rehabilitation and related care expenses both in the past and throughout his lifetime;

    B. Physical pain and mental suffering both past and future;

    C. Lost wages to the time of trial and

    D. Permanent impairment of his power and ability to earn income.

    E. Loss of function past and future.

### Count III – Negligence

26. Plaintiff restates and incorporates paragraphs 1-25 as if fully set forth herein.

27. Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed and/or distributed the brace.

28. Prior to August 20, 2015, Defendant Western Power Sports Inc. dba Fly Racing designed, assembled, manufactured, marketed and/or distributed the brace.

29. On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury. At said time and place, the brace was being used in a reasonably foreseeable manner by Plaintiff.

30. Defendant Leatt Corporation negligently designed, assembled, manufactured, marketed and/or distributed the brace in such a manner that it created an unreasonable risk of

physical harm and injury. This negligence included, but was not limited to, improper and dangerous design, testing and inspection.

31. Defendant Western Power Sports Inc. dba Fly Racing negligently designed, assembled, manufactured, marketed and/or distributed the brace in such a manner that it created an unreasonable risk of physical harm and injury. This negligence included, but was not limited to, improper and dangerous design, testing and inspection.

32. Moreover, Defendant Leatt Corporation unreasonably failed to warn of the known and foreseeable hazards of the brace, both before and after the sale of the brace.

33. Moreover, Defendant Western Power Sports Inc. dba Fly Racing unreasonable failed to warn of the known and foreseeable hazards of the brace both before and after the sale of the brace.

34. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

35. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Western Power Sports Inc. dba Fly Racing.

36. As a direct and proximate result of the injuries to Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover the following damages:

   A. Medical, hospital, nursing, rehabilitation and related care expenses both past and throughout his lifetime;

   B. Physical pain and mental suffering;

   C. Lost wages to the time of trial; and

   D. Permanent impairment of his power and ability to earn income.

   E. Loss of function past and future.

## **Count IV – Gross Negligence / Punitive Damages**

37. Plaintiff restates and incorporates paragraphs 1-36 as if fully set forth herein.

38. Prior to August 20, 2015, Defendant Leatt Corporation designed, assembled, manufactured, marketed and/or distributed the brace.

39. Prior to August 20, 2015, Defendant Western Power Sports Inc. dba Fly Racing designed, assembled, manufactured, marketed and/or distributed the brace.

40. On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury. At said time and place, the brace was being used in a reasonably foreseeable manner by Plaintiff.

41. Upon information and belief, Defendant Leatt Corporation acted with gross negligence and in a willful and wanton manner, without regard to the safety of others.

42. Upon information and belief, Defendant Western Power Sports Inc. dba Fly Racing acted with gross negligence and in a willful and wanton manner without regard to the safety of others.

43. The aforesaid conduct was a substantial factor in causing the injuries to Plaintiff Austin D. Glick.

44. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Leatt Corporation.

45. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of these actions and/or omissions on the part of Defendant Western Power Sports Inc. dba Fly Racing.

46. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover punitive damages.

## Count V – Consumer Fraud

47.     Plaintiff restates and incorporates paragraphs 1-46 as if fully set forth herein.

48.     Prior to August 20, 2015, Defendant Leatt Corporation marketed, advertised, promoted and/or distributed the brace designed and/or manufactured by it.

49.     Prior to August 20. 2015, Defendant Western Power Sports Inc. dba Fly Racing marketed, advertised, promoted and/or distributed the brace designed and/or manufactured by it.

50.     Prior to August 20, 2105, Defendant Leatt Corporation engaged in deception, fraud, false promise and/or omission of a material fact with the intent that others rely on the information and to induce them into obtaining title and/or interest of their product, more specifically, the brace.

51.     Prior to August 20, 2105, Defendant Western Power Sports Inc. dba Fly Racing engaged in deception, fraud, false promise and/or omission of a material fact with the intent that others rely on the information and to induce them into obtaining title and/or interest of their product, more specifically, the brace.

52.     Through its aforesaid efforts, Defendant Leatt Corporation represented that the brace would protect a rider from spinal cord injury, that the brace had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident.

53.     Through its aforesaid efforts, Defendant Western Power Sports Inc. dba Fly Racing represented that the brace would protect a rider from spinal cord injury, that the brace

had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident.

54. Plaintiff reasonably relied on one or more of these representations by Defendant Leatt Corporation in choosing to obtain and wear the brace.

55. Plaintiff reasonably relied on one or more of these representation by Defendant Western Power Sports Inc. dba Fly Racing in choosing to obtain and wear the brace.

56. One or more of the representations made by Defendant Leatt Corporation through its marketing, advertising and/or promotion of the brace was false, misleading, deceptive and/or unconscionable.

57. One or more of the representations made by Defendant Western Power Sports Inc. dba Fly Racing through its marketing, advertising and/or promotion of the brace was false, misleading, deceptive and/or unconscionable.

58. On August 20, 2015, in Madison County, Iowa, Plaintiff Austin D. Glick was injured when the brace caused and/or failed to protect Plaintiff from serious bodily injury.

59. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of the aforesaid false, misleading and/or deceptive practices on the part of Defendant Leatt Corporation.

60. The injuries to Plaintiff Austin D. Glick are a direct and proximate result of the aforesaid false, misleading and/or deceptive practices on the part of Defendant Western Power Sports Inc. dba Fly Racing.

61. Pursuant to Iowa Code 714H.3 and 714H.5, a person relying upon a deceptive act, false promise, misrepresentation or misleading advertisement may bring an action for the actual damages actually suffered as a consumer as a result of the deceptive act.

62. As a direct and proximate result of the injuries to the Plaintiff, which are permanent and disabling in nature, Plaintiff is entitled to recover his actual damages, reasonable attorney's fees and punitive damages pursuant to the Iowa Code 714H.3 and 714H.5. Plaintiff's actual damages include, but are not limited to:

> A. Medical, hospital, nursing, rehabilitation and related expenses, both in the past and throughout his lifetime'
>
> B. Lost wages to the time of trial;
>
> C. Permanent impairment of his power and ability to earn income; and
>
> D. Inconvenience.
>
> E. Loss of function past and future.
>
> F. Attorney fees for the costs of this action.

WHEREFORE, Plaintiff Austin D. Glick, prays for entry of judgment against Defendants, Leatt Corporation and Western Power Sports Inc. dba Fly Racing, awarding Plaintiff compensatory and punitive damages, attorney's fees, costs, interest, expenses and all such further relief to which he may appear to be entitled based upon the evidence, in excess of Seventy-Five Thousand Dollars ($75,000.00).

Plaintiff demands trial by jury.

Respectfully Submitted,

CROSSEN KOOI, LLP
*Attorneys for Plaintiff, Austin D. Glick*

       /s/ Angela M. Pollard
       Trevor J. Crossen
       Angela M. Pollard
       4661 Lisborn Drive
       Carmel, Indiana 46033
       317-569-1335
       TCrossen@indyfirm.com

       APollard@indyinjuryfirm.com


       Brian P. Galligan
       GALLIGAN REID, P.C.
       300 Walnut Street, Suite 5
       Des Moines, Iowa 50309
       (515)282-3333
       bgalligan@galliganlaw.com