IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| AUSTIN GLICK, | ) | Case No. 4:17-CV-00291-SMR-RAW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WESTERN POWER SPORTS, INC. d/b/a | ) | ORDER |
| FLY RACING, | ) | |
| | ) | |
| Defendant. | ) | |

On May 3, 2018, Defendant Western Power Sports filed a Motion to Dismiss for Failure to State a Claim. [ECF No. 21]. Plaintiff Austin Glick resists Western Power Sports's motion. [ECF No. 24]. On May 17, 2018, Glick filed a Motion for Entry of Default. [ECF No. 23]. Western Power Sports resists Glick's motion. [ECF No. 26]. The parties did not request oral argument, and the Court finds this matter can be resolved without it. *See* LR 7(c). For the reasons set forth below, Western Power Sports's Motion to Dismiss for Failure to State a Claim, [ECF No. 21], is GRANTED, and Glick's Motion for Entry of Default, [ECF No. 23], is DENIED.

## I. BACKGROUND

The Court incorporates by reference its discussion of the facts as set forth in its May 3, 2018 Order.[1] *See* [ECF No. 19]. The Court sets forth the following additional procedural facts relevant to the instant motions.

---

[1] The facts come from the First Amended Complaint, [ECF No. 10], and are assumed true for the purposes of the Motion to Dismiss. *See Brown v. Medtronic, Inc*., 628 F.3d 451, 459 (8th Cir. 2010) (indicating courts must accept as true the plaintiff's factual allegations, but they need not accept as true the plaintiff's legal conclusions).

Glick alleges he was injured on August 20, 2015, in Madison County, Iowa, when a neck brace caused and/or failed to protect him from serious bodily injury.  Glick filed this lawsuit against the makers and sellers of the brace, Defendants Leatt Corporation ("Leatt") and Western Power Sports, Inc. d/b/a Fly Racing ("Western Power Sports"), on August 7, 2017.  [ECF No. 1].  Glick filed a First Amended Complaint on September 28, 2017.  [ECF No. 10].  Leatt filed a Motion to Dismiss for Failure to State a Claim on October 12, 2017.  [ECF No. 13].  Western Power Sports was first served in this action on October 26, 2017.  [ECF No. 17].  Western Power Sports was required to file an answer or responsive pleading by November 17, 2017, which it failed to do.  [ECF No. 18].

This Court granted Leatt's Motion to Dismiss for Failure to State a Claim on May 3, 2018.  [ECF No. 19].  Although not stated in the Order, the Court declined to dismiss Glick's claims against Western Power Sports because Western Power Sports did not file an answer to Glick's First Amended Complaint by the response deadline, and Western Power Sports did not join in Leatt's motion.  The same day the Court granted Leatt's Motion to Dismiss for Failure to State a Claim, the attorneys for Leatt filed an appearance on behalf of Western Power Sports and filed a second Motion to Dismiss for Failure to State a Claim on behalf of Western Power Sports.  [ECF Nos. 20; 21].  The second motion to dismiss urges the Court to dismiss Glick's claims against Western Power Sports for the same reasons articulated in the Court's May 3, 2018 Order.  [ECF No. 21].  This motion was filed nearly six months after the November 17, 2017 answer deadline.  On May 17, 2018, Glick for the first time filed a Motion for Entry of Default against Western Power Sports.  [ECF No. 23].

## II.  ANALYSIS

Glick argues Western Power Sports was required to file a responsive pleading on or before November 17, 2017.  Fed. R. Civ. P. 12; *Moore v. Campbell*, No. 5:11CV00137 JMM/JTR, 2011 WL 4018164, at *1 (E.D. Ark. Aug. 23, 2011) ("An answer or responsive pleading must be filed within twenty-one days of service of the summons and complaint.").  Thus, Glick argues the Court should deny Western Power Sports's motion to dismiss because it is untimely, and default should be entered against Western Power Sports.  Fed. R. Civ. P. 55; *Jones v. Bond*, No. 5:12CV00456 SWW/JTR, 2013 WL 2287094, at *2 (E.D. Ark. May 23, 2013) ("A default judgment is appropriate when a defendant fails, without sufficient cause, to file an answer or responsive pleading within twenty-one days of being served with the summons and complaint.").  Western Power Sports argues its motion to dismiss is timely, and Glick is at fault for failing to prosecute its claims against Western Power Sports.  Western Power Sports adds that the parties were waiting for the Court to rule on Leatt's Motion to Dismiss for Failure to State a Claim before proceeding further.  The Court declines to address the timeliness of Western Power Sports's motion because even if Western Power Sports's motion is untimely, Glick's First Amended Complaint must still be dismissed.

In *Marshall v. Baggett*, the United States Court of Appeals for the Eighth Circuit held that a district court should not enter a default judgment where a complaint fails to state a claim for which relief can be granted, and instead the complaint should be dismissed.  616 F.3d 849, 852–53, 855 (8th Cir. 2010).  In *Marshall*, the defendant was Theresa Baggett.  *Id.* at 851.  Baggett signed an agreement on behalf Baggett Masonry, Inc. ("Baggett Masonry") that required Baggett Masonry to make contributions to a number of health, welfare, and pension plans.  *Id.*  After Baggett Masonry failed to make certain payments under the plans, the trustees of the plans sued

for delinquent contributions. *Id.* The trustees did not sue Baggett Masonry, but sued Baggett in her individual capacity. *Id.* Baggett did not respond to the complaint, and therefore a default judgment was entered against her. *Id.* at 851–52.

On appeal the Eighth Circuit held that an "[e]ntry of default judgment does not preclude a party from challenging the sufficiency of the complaint on appeal." *Id.* at 852. The court further held that in deciding whether to grant a default judgment, a district court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). The court said even though "it is . . . appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner . . . it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Id.* at 852–53 (citations omitted) (quoting *Murray*, 595 F.3d at 871). The court held that Baggett could not be liable in her individual capacity for the delinquent contributions because she signed the agreement on behalf of Baggett Masonry—a separate legal entity. *Id.* at 853–54. The court thus determined that the complaint failed as a matter of law and should have been dismissed by the district court. *Id.* at 855.

The Court notes that it is likely that Western Power Sports's motion was untimely because it failed to file an answer or a responsive pleading by the pleading deadline. However, as discussed above, even though it is appropriate for a district court to enter a default judgment when a party fails to respond in a timely manner, a court must ensure the unchallenged facts constitute a legitimate cause of action before entering a default judgment. Here, the Court already determined Glick's First Amended Complaint failed to state a claim for which relief could be granted when it ruled on Leatt's Motion to Dismiss for Failure to State a Claim. [ECF No. 19]. Glick's First

Amended Complaint is equally deficient as it pertains to Western Power Sports. The First Amended Complaint makes the same allegations against Western Power Sports that it made against Leatt. Accordingly, it would be improper for the Court to enter default against Western Power Sports, and the Court must dismiss Glick's First Amended Complaint as directed by *Marshall*. Tellingly, Glick fails to address *Marshall* or resist this particular argument. Therefore, Western Power Sports's Motion to Dismiss for Failure to State a Claim, [ECF No. 21], is GRANTED for the same reasons as stated in this Court's May 3, 2018 Order.

### III.   CONCLUSION

For the foregoing reasons, Western Power Sports's Motion to Dismiss for Failure to State a Claim, [ECF No. 21], is GRANTED, and Glick's Motion for Entry of Default, [ECF No. 23], is DENIED.

IT IS SO ORDERED.

Dated this 5th day of September, 2018.

STEPHANIE M. ROSE, JUDGE
UNITED STATES DISTRICT COURT