# United States Court of Appeals

## For the Eighth Circuit

---

No. 18-3173

---

Austin Glick

*Plaintiff - Appellant*

v.

Western Power Sports, Inc., doing business as Fly Racing; Leatt Corporation

*Defendants - Appellees*

---

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

---

Submitted: September 26, 2019
Filed: December 5, 2019

---

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

---

SHEPHERD, Circuit Judge.

Austin Glick appeals the district court's[1] orders granting Leatt Corporation's and Western Power Sports, Inc. d/b/a Fly Racing (WPS)'s motions to dismiss for

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and denying Glick's motion for entry of default against WPS. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

On August 20, 2015, Glick was injured in Madison County, Iowa when a neck brace allegedly caused or failed to protect him from serious bodily injury. On September 28, 2017, Glick filed an amended complaint against Leatt and WPS, the makers and sellers of the neck brace, purporting to assert claims of strict products liability, breach of warranty, negligence, gross negligence, and consumer fraud. Leatt filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. WPS did not join in the motion and failed to file an answer or other responsive pleading by the November 17, 2017 deadline for doing so. On May 3, 2018, the district court granted Leatt's motion to dismiss. The court found that the amended complaint lacks elementary factual allegations and, with very few exceptions, alleges nothing more than legal conclusions and recitations of the elements of the causes of action. Thus, the court dismissed all claims against Leatt.

That same day, Leatt's attorneys filed appearances and a Rule 12(b)(6) motion to dismiss on behalf of WPS. On May 17, 2018, Glick filed a motion for entry of default against WPS, and asked the court to find that WPS's motion to dismiss was untimely. On September 5, 2018, the district court issued an order denying Glick's motion for entry of default and granting WPS's motion to dismiss. Relying on Eighth Circuit precedent, the court found that it would be improper to enter default against WPS because, even though WPS's motion to dismiss was likely untimely, the amended complaint fails to state a claim against WPS. The court entered judgment in favor of WPS on September 7, 2018. This appeal followed.

-2-

II.

Glick argues that the district court erred in granting the motions to dismiss, because the amended complaint alleges sufficient facts to put Leatt and WPS on notice of the claims.  We review de novo a grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting as true all factual allegations in the light most favorable to the nonmoving party.  Smithrud v. City of St. Paul, 746 F.3d 391, 397 (8th Cir. 2014).  However, we need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts.  Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999); Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  Although detailed allegations are not required to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

Here, all but one of the allegations in the amended complaint constitute mere legal conclusions and recitations of the elements of the causes of action.[2]  Thus, the

---

[2] The sole factual allegation is that WPS and Leatt "represented that the brace would protect a rider from spinal cord injury, that the brace had been sufficiently tested and reviewed for safety, that the brace was safe for use with standard motocross gear, that the brace was safe for use for motocross activities, that the brace would not interfere with the movement needed for safe motocross riding, that the brace had certain medical expertise and other professional endorsement(s) behind its design and safety, and that the brace would not cause or exacerbate injury to the rider in the event of an accident."  R. Doc. 10, at 8-9.  Glick argues that, based on this factual allegation, the Court can reasonably infer that Glick was engaged in a

-3-

Appellate Case: 18-3173     Page: 3     Date Filed: 12/05/2019 Entry ID: 4858385

amended complaint alleges almost no essential material facts.  For example, the amended complaint does not allege how Glick was wearing and using the brace, whether Glick purchased the brace, how the accident happened, the nature of Glick's injuries, or how the brace caused or failed to prevent those injuries.  See generally Wright v. Brooke Grp. Ltd., 652 N.W.2d 159 (Iowa 2002) (outlining elements of claims for design defect, breach of warranty, consumer fraud, and negligence).  While Glick presented additional facts in his oppositions to the motions to dismiss and now presents additional facts on appeal, those factual allegations were not included in his amended complaint and, thus, cannot be considered on a motion to dismiss. See Smithrud, 746 F.3d at 397 (explaining that in considering a motion to dismiss, court is limited to allegations in the complaint and materials embraced by pleadings).

We agree with the district court that where, as here, there are so few facts alleged in the complaint, the court need not address each individual claim to make a sufficiency determination on a 12(b)(6) motion to dismiss.  Cf. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.").  Accordingly, we find that the amended complaint fails to allege sufficient facts to state a claim for relief that is plausible on its face.  Thus, the district court did not err in granting Leatt's and WPS's motions to dismiss.

---

motocross activity, that he was wearing standard motocross gear along with the brace, and that he sustained a spinal cord injury as a result of an accident.  However, nothing in the amended complaint supports such inferences.  While the Court accepts as true all well-pleaded factual allegations and reasonable inferences drawn from those allegations, the Court need not stretch allegations beyond their sensible and reasonable implications.  Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004); Davis v. Dist. of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998); Coates v. Ill. State Bd. of Educ., 559 F.2d 445, 447 (7th Cir. 1977).

-4-

III.

Next, Glick argues that the district court erred in denying his motion for entry of default against WPS, because WPS's failure to timely respond was intentional and in bad faith and the denial of the motion was extremely prejudicial to Glick. "We review the district court's denial of a motion for default judgment for an abuse of discretion." Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003). In denying Glick's motion for entry of default, the district court properly relied on Marshall v. Baggett, 616 F.3d 849 (8th Cir. 2010). In Marshall, this Court vacated the district court's entry of default judgment against a party who failed to file a timely answer because, notwithstanding the untimeliness of the answer, the complaint was insufficient to state a claim. 616 F.3d at 852-53. We explained that, while "it is of course appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner[,]" it is nonetheless "incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." Id. (internal quotation marks omitted).

Here, the district court correctly noted that, even though entry of default is proper where a party fails to respond in a timely manner, a court must not enter default without first determining whether "the unchallenged facts constitute a legitimate cause of action[.]" Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Fed. Prac. & Proc. § 2688 (3d ed. 1998)). Further, mere conclusions of law and recitations of the elements of the causes of action do not constitute "unchallenged facts." Marshall, 616 F.3d at 852 ("[A] party in default does not admit mere conclusions of law." (internal quotation marks omitted)). The sole factual allegation in the amended complaint is insufficient to state a claim for relief. Thus, regardless of WPS's motives for failing to timely respond, Glick was not entitled to entry of default against WPS.

-5-

We find that the district court did not abuse its discretion in denying Glick's motion for entry of default.

## IV.

For the foregoing reasons, we affirm.

_____

-6-